UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X
:
THE UNITED STATES OF AMERICA, :
:
           Plaintiff, :
:
  - against - :
: **18 Civ. \_\_\_\_ (\_\_)**
HUDSON VALLEY FEDERAL CREDIT :
UNION, : **COMPLAINT**
:
           Defendant. :
:
------------------------------------------------------------ X

      Plaintiff United States of America (the "United States"), by and through its attorney, Geoffrey S. Berman, United States Attorney for the Southern District of New York, alleges upon information and belief as follows:

## INTRODUCTION

      1.    Defendant Hudson Valley Federal Credit Union ("HVFCU") has engaged in a pattern or practice of violating the Servicemembers Civil Relief Act ("SCRA"), 50 U.S.C. § 3901, *et seq.*, by repossessing the vehicles of protected servicemembers without court orders. From July 3, 2008, through February 19, 2014, HVFCU repossessed at least nine vehicles in violation of 50 U.S.C. § 3952(a), and failed, until August 2014, to implement a policy to guard against such violations.

## JURISDICTION AND PARTIES

      2.    This Court has jurisdiction over this action under 28 U.S.C. § 1331, 28 U.S.C. § 1345 and 50 U.S.C. § 4041.

3. HVFCU is a community-based financial cooperative established in 1963 and one of the largest credit unions in the country. Its principal place of business is 159 Barnegat Road, Poughkeepsie, New York, 12602-1071, and it serves the New York counties of Dutchess, Orange, Ulster and Putnam. As of year-end 2016, HVFCU had total assets of $4.445 billion, total deposits of $3.99 billion, and a membership of more than 275,000 individuals and businesses.

4. HVFCU provides credit cards, loans (including vehicle loans), mortgages, insurance and retirement packages to individuals, as well as lending, real estate and banking services to businesses. As a part of its auto lending business, HVFCU provides financing and servicing of retail installment sales contracts for motor vehicles.

5. Venue is proper in this judicial district under 28 U.S.C. § 1391(b) because the Defendant is headquartered and conducts business in the Southern District of New York.

## STATUTORY BACKGROUND

6. The purpose of the SCRA is to provide servicemembers with protections against certain civil proceedings that could adversely affect their legal rights while they are in military service. The SCRA provides that "[a]fter a servicemember enters military service, a contract by [a] servicemember for . . . the purchase of real or personal property (including a motor vehicle)" and "for which a deposit or installment has been paid by the servicemember before the servicemember enters military service," "may not be rescinded or terminated for a breach of terms of the contract . . . nor may the property be repossessed for such breach without a court order." 50 U.S.C. § 3952(a).

7. The Department of Defense provides lenders, and others seeking to comply with the SCRA, an automated database run by the Defense Manpower Data Center ("DMDC

database") to check their customers' duty status, and thus whether the customers are SCRA-protected servicemembers.

## DEFENDANT'S UNLAWFUL REPOSESSION PRACTICES

8. Two lawsuits have been filed against HVFCU in the Southern District of New York, *Peylykh v. Hudson Valley Federal Credit Union*, 15 Civ. 7009 (NSR), and *Clarke v. Hudson Valley Federal Credit Union*, 14 Civ. 5291 (KBF). In those lawsuits, plaintiff servicemembers alleged that HVFCU violated the SCRA when HVFCU repossessed plaintiffs' vehicles without court orders while plaintiffs were in military service, where plaintiffs had entered into the contract, and made a down payment or at least one payment, before entering service.

9. On December 6, 2016, upon learning of these lawsuits, the United States Attorney's Office for the Southern District of New York notified HVFCU that it was initiating an investigation into HVFCU's motor vehicle repossession practices.

10. Prior to August 2014, HVFCU did not have any written policies or procedures that addressed the SCRA's protections against non-judicial repossession. As a result, until late 2014, HVFCU failed to check the DMDC to determine a union member's duty status before initiating repossession procedures.

11. Not only did HVFCU fail to implement a policy to check for duty status prior to repossession, but HVFCU also at least twice rejected servicemembers' requests for SCRA protection. *See* 14 Civ. 5291, Dkt. No. 52 at 22-31; 15 Civ. 7009, Dkt. No. 1. Indeed, one servicemember and his girlfriend contacted HVFCU multiple times to notify the credit union that he was on active duty in the United States Army and stationed overseas. Nevertheless, while he was serving in South Korea, HVFCU repossessed his car. *See* 14 Civ. 5991, Dkt. Nos. 1 & 52.

3

12.     Between July 3, 2008, and February 19, 2014, HVFCU repossessed at least nine vehicles of servicemembers in violation of the SCRA. Four of those servicemembers are still on active duty, having served in the United States armed forces for at least seven years each.

## CLAIM FOR RELIEF

### Violation of the Servicemembers Civil Relief Act, 50 U.S.C. § 3952(a)

13.     The United States respectfully incorporates the allegations of paragraphs 1 through 12 as if fully set forth herein.

14.     In violation of 50 U.S.C. § 3952(a)(1), from July 3, 2008, through February 19, 2014, HVFCU repossessed the vehicles of nine servicemembers, without court orders, for breach of the terms of installment contracts for purchase. At the time of repossession, those servicemembers were in military service, as defined by 50 U.S.C. § 3911(2), and had made at least one deposit or installment payment before entering military service.

15.     HVFCU engaged in a pattern or practice of violating Section 3952(a)(1) of the SCRA by repossessing the motor vehicles of at least nine SCRA-protected servicemembers without court orders. 50 U.S.C. § 3952(a)(1).

16.     HVFCU's violations of the SCRA raise issues of significant public importance.

17.     The servicemembers whose motor vehicles were repossessed by HVFCU without court orders in violation of the SCRA are "person[s] aggrieved" pursuant to 50 U.S.C. § 4041(b)(2) and have suffered damages as a result of HVFCU's conduct.

## RELIEF REQUESTED

WHEREFORE, the United States requests that the Court enter an ORDER that:

A.     Declares that Defendant's conduct violated the SCRA;

B. Enjoins Defendant, its agents, employees, and successors, and all other persons and entities in active concert or participation with Defendant, with respect to any financial products serviced by Defendant, from:

    a. repossessing the motor vehicles of SCRA-protected servicemembers without court orders, in violation of the SCRA, 50 U.S.C. § 3952;

    b. failing or refusing to take such affirmative steps as may be necessary to restore, as nearly as practicable, each identifiable victim of Defendant's illegal conduct to the position he or she would have been in but for that illegal conduct; and

    c. failing or refusing to take such affirmative steps as may be necessary to prevent the recurrence of any illegal conduct in the future and to eliminate, to the extent practicable, the effects of Defendant's illegal conduct;

C. Awards appropriate monetary damages to each identifiable victim of Defendant's violations of the SCRA, pursuant to 50 U.S.C. § 4041(b)(2);

D. Assesses civil penalties against Defendant in order to vindicate the public interest, pursuant to 50 U.S.C. § 4041(b)(3); and

E. Awards such other additional relief as justice may require.

Dated: New York, New York
November 2, 2018

                                                                           JEFFERSON B. SESSIONS III
Attorney General of the United States

JOHN M. GORE
Acting Assistant Attorney General
United States Department of Justice
Civil Rights Division

SAMEENA SHINA MAJEED
Chief
ELIZABETH A. SINGER
Director, U.S. Attorneys' Fair Housing
  Program
AUDREY M. YAP
Trial Attorney
Housing and Civil Enforcement Section

GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York

By: /s/ Ellen Blain
ELLEN BLAIN
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Telephone: (212) 637-2743
Email: ellen.blain@usdoj.gov